UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN PEREZ SANDOVAL,

Plaintiff,

-against-

ROCKLAND COUNTY CORRECTIONAL
FACILITY, et al.,

Defendants.

26-CV-4912 (LTS)

ORDER DIRECTING PAYMENT OF FEES
OR IFP APPLICATION AND PRISONER
AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Rockland County Correctional Facility, filed an

application *pro se*.[1] To proceed with a civil action in this Court, a prisoner must either pay

$405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request

authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a

signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915.

If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act requires

the Court to collect the $350.00 filing fee in installments deducted from the prisoner's account.[2]

*See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed without prepayment of fees must

therefore authorize withdrawal of these payments from his account by filing a "prisoner

authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00

---

[1] It is unclear if Plaintiff intends to bring a civil suit against a prisoner (or Rockland County), or whether he seeks information about initiating criminal proceedings, which must be done through law enforcement or a district attorney because private citizens cannot prosecute criminal charges.

[2] The $55.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

filing fee from the prisoner's account in installments and to send to the Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Plaintiff submitted the complaint without the filing fees or a completed IFP application and prisoner authorization. Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit the attached IFP application and prisoner authorization. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 26-CV-4912 (LTS).[3]

No answer shall be required at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    June 15, 2026
            New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[3] Plaintiff is cautioned that if a prisoner files a federal civil action or appeal that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner with three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and he must pay the filing fees at the time of filing any new action.